IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| FRANCES GECKER, solely as Chapter 7 trustee for Cynthia Collins, | ) ) ) Hon. John J. Tharp, Jr. |
| Plaintiff, | ) ) |
| | ) Magistrate Judge Jeffrey T. Gilbert |
| v. | ) ) Case No. 3:16-cv-50153 |
| MENARD, INC. a/k/a MENARDS, | ) ) |
| Defendant. | ) |

**TRUSTEE'S OBJECTION TO MOTION TO COMPEL**

Frances Gecker, solely as Chapter 7 trustee (the "Trustee") of the bankruptcy estate of Cynthia Collins (the "Debtor"), by her attorneys, objects to the Motion to Compel Geraci Law L.L.C. to Produce Records (the "Motion"), and states as follows:

**INTRODUCTION**

Under Seventh Circuit precedent, the equitable doctrine of judicial estoppel does not bar the Trustee's prosecution of this lawsuit irrespective of the circumstances surrounding the Debtor's initial failure to disclose her underlying personal injury claim in her bankruptcy case (the "Bankruptcy Case"). In the Motion, Menard, Inc. ("Menards") seeks to compel the production of documents by the Debtor's bankruptcy attorneys solely in support of a judicial estoppel argument that Menards intends to assert. Specifically, Menards suggests that the Debtor's initial failure to disclose the existence of her personal injury claim against Menards (the "PI Claim") in the Bankruptcy Case bars the Trustee from prosecuting the PI Claim for the benefit of the Debtor's estate and its creditors.

That simply is not the law. Under Seventh Circuit precedent, the Debtor's initial failure to disclose the PI Claim in the Bankruptcy Case has no impact whatsoever on the Trustee's ability to prosecute the PI Claim for the benefit of creditors. Seventh Circuit precedent also makes clear that

the circumstances surrounding the Debtor's initial omission of the PI Claim in the Bankruptcy Case is not relevant to the Trustee's litigation of the PI Claim, but rather is properly addressed in the Bankruptcy Case after the litigation of the PI Claim has concluded. Thus, the discovery of communications between the Debtor and her bankruptcy counsel would serve no purpose whatsoever in this lawsuit, and the Motion should be denied.

## BACKGROUND

On August 6, 2014 (the "Petition Date"), the Debtor filed a voluntary chapter 7 bankruptcy petition in the United States Bankruptcy Court for the Northern District of Illinois (the "Bankruptcy Court"). Frances Gecker was appointed trustee of the Bankruptcy Case. The Debtor appeared at her Section 341 meeting of creditors on September 19, 2014. The Trustee filed a No Asset Report on September 22, 2014, and the Bankruptcy Case was closed on November 24, 2014.

After the Bankruptcy Case was closed, the Trustee learned that prior to the Petition Date, on or about April 29, 2014, in the parking lot of a Menards store located at 8311 West North Avenue, Melrose Park, Illinois, the Debtor was struck with a row of shopping carts that a Menards employee was returning to the store from the parking lot (the "Accident"). The Accident caused injuries to the Debtor, giving rise to the PI Claim. The Debtor failed to disclose the PI Claim to the Trustee while the Bankruptcy Case was open.

After the Bankruptcy Case was closed, personal injury attorney Anthony Cuda entered into an agreement with the Debtor to represent the Debtor in the prosecution of the PI Claim. After learning of the Debtor's bankruptcy case, Mr. Cuda contacted the Trustee with respect to prosecuting the PI Claim for the benefit of the Debtor's estate. Subsequently, on motions filed by the Trustee, the Bankruptcy Court reopened the Bankruptcy Case so that the PI Claim could be administered for the benefit of the Debtor's estate and its creditors, and the Bankruptcy Court authorized the Trustee to employ Mr. Cuda to litigate the PI Claim. Since the Accident, the Debtor

2

has had two operations on her hips (one on each hip), and one operation on her shoulder, and has incurred medical expenses exceeding $450,000.

In the Motion, Menards seeks to compel the production of documents relating to communications between the Debtor and her bankruptcy attorneys relating to the decision to omit disclosure of the PI Claim in the Bankruptcy Case. The Debtor testified at her deposition in this lawsuit that: (a) she disclosed the PI Claim to her bankruptcy attorneys prior to filing her bankruptcy petition, (b) she did not anticipate filing a lawsuit in connection with the Accident because Menard's insurance carrier was paying her ongoing medical expenses, and (c) based on those disclosures to her attorneys, the Debtor's bankruptcy attorneys told the Debtor, "okay, then we won't put that down [*i.e.*, disclose the PI Claim in the Bankruptcy Case]":

> [T]hat [the PI Claim] was discussed with him [the Debtor's bankruptcy attorney]. He did ask me if I had any legal pending cases at that time and I said no, because I did not. Gallagher Bassett was paying all of my medical bills. I was seeing the chiropractor. I was still having some issues but going back and forth to the chiropractor was helping me. And then they said – at that point they said okay, there is no case, you haven't filed a lawsuit or anything like that. Are you anticipating a [sic] filing a lawsuit? I said at this time no because at this time I'm seeking medical attention. They're paying all the medical bills and at this time I'm okay with that. And so they said okay, then we won't put that down.

Motion, Exh. 1 (Debtor's Deposition Transcript dated November 21, 2016), 149:7-20.

## ARGUMENT

### A. <u>Judicial estoppel does not bar the Trustee's prosecution of the PI Claim</u>.

The law in the Seventh Circuit is clear – previous positions asserted by the debtor, irrespective of the debtor's underlying intentions, do not estop the trustee from pursuing an undisclosed cause of action. *See Metrou v. M.A. Mortenson Co.*, 781 F.3d 357, 360 (7th Cir. 2015) ("Whether or not [the debtor] should have disclosed the claim in the bankruptcy does not matter to a suit maintained by the Trustee"); *Cannon-Stokes v. Potter*, 453 F.3d 446, 448 (7th Cir. 2006)

3

("unless the estate itself engages in contradictory litigation tactics the elements of judicial estoppel are not satisfied").

Judicial estoppel is an equitable remedy that prevents a litigant from gaining an unfair advantage by advancing a position clearly inconsistent with a position the same party advanced and prevailed upon in another case. *See In re Cassidy,* 892 F.2d 637, 641 (7th Cir. 1990) ("Judicial estoppel is a doctrine intended to prevent the perversion of the judicial process … [and applies] where intentional self-contradiction is being used as a means of obtaining [an] unfair advantage in a forum designed for suitors seeking justice, to prevent litigants from playing fast and loose with the courts") (internal citations and quotations omitted); *Jones v. Nat'l Council of Young Men's Christian Associations of the United States of Am.*, 48 F. Supp. 3d 1054, 1095 (N.D. Ill. 2014)

Menards does not allege that the Trustee is asserting a position in this lawsuit that is clearly inconsistent with a position that the Trustee (rather than the Debtor) previously asserted, or that the Trustee is playing fast and loose with the courts. Thus, under clear Seventh Circuit precedent, Menards cannot meet the requisite elements of judicial estoppel regardless of the content of the documents it seeks, rendering the requested production both burdensome and unnecessary.

**B.** **The circumstances surrounding the Debtor's initial failure to disclose the PI Claim to the Trustee are irrelevant to this lawsuit.**

In addition, Seventh Circuit precedent precludes discovery in this lawsuit as to the circumstances surrounding the Debtor's initial failure to disclose the PI Claim to the Trustee. *Metrou*, 781 F.3d at 360. The Seventh Circuit has held that such inquiry should not impair a trustee's litigation of a claim for the benefit of creditors, but rather should be addressed in the underlying bankruptcy case <u>after</u> litigation of the underlying claim has concluded:

> Whether [the debtor] tried to hide the claim in the bankruptcy is a question more appropriately addressed to the bankruptcy judge, who can decide (if the Trustee prevails in this tort suit) what disposition to make of any proceeds that remain after paying counsel and the creditors. Allowing the tort suit to proceed without a damages cap

4

> will ensure that the creditors receive their due—for the full stakes will allow the Trustee to hire counsel to take the suit on a contingent fee. If it turns out that [the debtor] was trying to deceive his creditors, the bankruptcy judge may decide to give the creditors a bonus, or perhaps to return any excess to the defendants in this tort suit. Either way, the creditors will escape injury at [the debtor's] hands because it will remain economically feasible to prosecute the tort suit.

*Metrou*, 781 F.3d at 360.

## CONCLUSION

The documents sought by Menard's pursuant to the Motion have no bearing whatsoever on this lawsuit. Under clear Seventh Circuit precedent, (a) the Trustee may not be judicially estopped from pursuing the PI Claim for the benefit of creditors irrespective of the circumstances surrounding the Debtor's initial failure to disclose the PI Claim, and (b) any inquiry into those circumstances should be addressed in the Bankruptcy Case after litigation of this lawsuit has concluded. Therefore, the Motion should be denied.

Dated: January 19, 2017

Respectfully submitted,

FRANCES GECKER, solely as chapter 7 trustee for Cynthia Collins

By: */s/ Micah R. Krohn*
    One of her attorneys

Frances Gecker (IL Bar No. 6198450)
Micah R. Krohn (IL Bar No. 6217264)
**FRANKGECKER LLP**
325 North LaSalle Street, Suite 625
Chicago, Illinois 60654
Telephone: (312) 276-1400
Facsimile: (312) 276-0035
fgecker@fgllp.com
mkrohn@fgllp.com

**CERTIFICATE OF SERVICE**

I, Micah R. Krohn, an attorney, hereby certify that on **January 19, 2017**, a true and correct copy of the **Trustee's Objection to Motion to Compel** was filed electronically. Notice of the filing will be sent to all parties who are currently on the attached Court's Electronic Mail Notice List by operation of the Court's Electronic Filing System.

　　　　　　　　　　　　　　　　　　　　　　　　*/s/ Micah R. Krohn*

**Mailing Information for a Case 3:16-cv-50153 Collins v. Menard, Inc.**

**Electronic Mail Notice List**

The following are those who are currently on the list to receive e-mail notices for this case.

- **W. Anthony Andrews**
  wandrews@obkcg.com,amangialardi@ottosenbritz.com
- **Frances Gecker**
  fgecker@fgllp.com
- **Reed Heiligman**
  rheiligman@fgllp.com,mmatlock@fgllp.com,ccarpenter@fgllp.com
- **Micah R. Krohn**
  mkrohn@fgllp.com,ccarpenter@fgllp.com
- **Vladimir Shuliga**
  vshuliga@ottosenbritz.com,bremus@ottosenbritz.com
- **Meganne Trela**
  mtrela@ottosenbritz.com,amangialardi@ottosenbritz.com