UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FRANCES GECKER, solely as Chapter 7 )
trustee for Cynthia Collins, )
 )
          Plaintiff, ) No. 16-cv-50153
 )
     v. ) Jeffrey T. Gilbert
 ) Magistrate Judge
MENARD, INC., a/k/a MENARDS, )
 )
          Defendant. )

## ORDER

Defendant's Motion to Compel Geraci Law L.L.C. to Produce Records [39] is denied. See Statement for further details.

## STATEMENT

This matter is before the Court on Defendant's Motion to Compel a third-party, Geraci Law L.L.C. ("Geraci Law"), to produce records pursuant to a subpoena ("Motion to Compel") [39]. For the reasons discussed below, the Motion to Compel is denied.

This lawsuit stems from personal injuries allegedly suffered by Cynthia Collins. *See* Plaintiff's Complaint at Law ("Complaint") [1-1]. On April 29, 2014, an employee of Defendant Menard, Inc., a/k/a Menards ("Menards"), allegedly was pushing a row of shopping carts from a parking lot into a Menards store. *Id.* at ¶ 4. The employee, allegedly acting carelessly and negligently, hit Collins with the shopping carts causing her to sustain injuries. *Id.*

On August 6, 2014, several months after this incident, Collins filed a bankruptcy petition. Trustee's Objection to Motion to Compel ("Trustee's Objection") [42] at 2; Motion to Compel [39] at ¶ 2. It is undisputed that Collins did not schedule as an asset of her bankruptcy estate the claim against Menards asserted in this case. Motion to Compel [39] at ¶ 3; Deposition of Cynthia Collins ("Collins' Dep.") [41] at 148; *see also* Trustee's Objection [42] at 2. On September 22, 2014, Frances Gecker, the trustee of Collins' bankruptcy case ("the Trustee"), filed a No Asset Report in Collins' bankruptcy case. Trustee's Objection [42] at 2. About two months later, the bankruptcy case was closed. *Id.* At some point after the bankruptcy case was closed, a lawyer agreed to prosecute Collins' personal injury claim against Menards. *Id.* When the lawyer learned of Collins' bankruptcy, he contacted the Trustee and informed her of Collins'

1

claim against Menards. *Id.* Eventually, the bankruptcy case was reopened so that the Trustee could pursue that claim for the benefit of the bankruptcy estate. *Id.* On April 25, 2016, the Trustee filed the present lawsuit in which she asserts Collins' claim against Menards. Complaint [1-1] at ¶ 2.

On November 21, 2016, Collins was deposed in this case. Collins' Dep. [41] at 1. At her deposition, Collins said she was represented in her bankruptcy action by attorneys at Geraci Law. *Id.* at 147-48. She admitted she did not put "on [her bankruptcy] petition anything about" the claim the Trustee is now asserting against Menards on behalf of the bankruptcy estate. *Id.* at 148. Collins appears to have testified she discussed with Frank Hernandez, one of her Geraci Law bankruptcy attorneys, the fact that she was receiving treatment for the injuries she suffered in the incident at Menards in April 2014 and that her medical bills were being paid. *Id.* at 148-50. According to Collins' testimony, Hernandez told Collins she did not need to list her claim or potential claim against Menards because she had not filed a lawsuit about it. *Id.* at 149-50.

About two weeks after Collins' deposition, Menards' counsel served a Rule 45 subpoena on Geraci Law. [41-1]. The subpoena commanded Geraci Law to produce the "[e]ntire bankruptcy file . . . for the Cynthia Collins bankruptcy." *Id.* at 3. In response to the subpoena, Geraci Law produced some documents. Motion to Compel [39] at ¶¶ 5-10. But Geraci Law withheld other documents in Collins' bankruptcy file, claiming the attorney-client privilege and the work product doctrine protected them from production. *Id.* Geraci Law produced a privilege log listing the documents it was withholding. [41-2]. Menards then filed the Motion to Compel that is now before the Court, seeking roughly a dozen documents withheld by Geraci Law. Motion to Compel [39] at ¶¶ 3, 9, 12. The Court will refer to these documents as "the Communications."

In its Motion to Compel, Menards asserts the Communications must be produced because (1) they are relevant to its estoppel defense, and (2) Collins waived any protection the attorney-client privilege might provide for the Communications. Geraci Law has neither filed a brief in opposition to Menards' motion nor moved for a protective order.[1] But the Trustee filed an objection to Menards' motion, which effectively is a motion for a protective order, arguing the Communications are irrelevant to this case. The Trustee took no position on Menards' argument that Collins waived the attorney-client privilege as to discussions with her bankruptcy attorneys at Geraci Law concerning her claim or potential claim against Menards.

Under Federal Rule of Civil Procedure 26(b), a party "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." FED. R. CIV. P. 26(b)(1). Menards argues the Communications are relevant

---

[1] Counsel representing Geraci Law appeared in court on the presentment date for Menards' Motion to Compel. [40, 44]. There is no doubt Geraci is aware of the present motion. *See also* Motion to Compel [39] at ¶¶ 14, 15.

2

to its estoppel defense, which is premised on Collins' failure to schedule her claim or potential claim against Menards in her bankruptcy petition. *See* Answer to Plaintiff's Complaint at Law [5] at p. 4. According to Menards, the Communications "potentially could provide insight into" Collins' decision not to schedule that claim or potential claim because they "likely will reflect what, if any, disclosures she made to her bankruptcy attorneys regarding her potential claim against [Menards]." Menard's Reply [43] at ¶ 2. The Trustee responds by saying Collins' failure to schedule her claim or potential claim against Menards and her reasons for not doing so are completely irrelevant to Menards' defense of this case, relying on the Seventh Circuit's decision in *Metrou v. M.A. Mortenson Company*, 781 F.3d 357 (7th Cir. 2015).

In *Metrou*, a debtor did not disclose a potential tort claim in his bankruptcy petition and then, after his bankruptcy case closed, tried to bring the claim himself. *Id.* at 358. Eventually, the debtor notified his bankruptcy trustee of the claim, and the trustee substituted as the plaintiff in the tort case. *Id.* After the substitution, the district court ruled the trustee was barred from recovering in the tort action more than the value of the debts left unpaid in the debtor's bankruptcy. *Id.* at 358-59. On appeal, the Seventh Circuit reversed saying the trustee was "entitled to pursue [the undisclosed tort claim] as an asset of the estate in bankruptcy," and it rejected the imposition of a damages cap, noting such a restriction could injure creditors in the debtor's bankruptcy case by "[r]educing the stakes in the tort suit." *Id.* at 360. The court of appeals was not swayed by the defendant's argument that the debtor's failure to schedule the asset should limit the trustee's recovery in the tort suit. Rather, as the court of appeals put it: "Whether or not [the debtor] should have disclosed the claim in the bankruptcy *does not matter to a suit maintained by the Trustee*, who is not even arguably culpable for misconduct." *Id.* (emphasis added).

The Court agrees with the Trustee that *Metrou* controls its resolution of Menards' Motion to Compel. As previously stated, Menards argues the Communications are relevant because they "likely will reflect what, if any, disclosures [Collins] made to her bankruptcy attorneys regarding her potential claim against [Menards]." Menard's Reply [43] at ¶ 2. But Collins' failure to schedule her claim or potential claim against Menards "does not matter to" this lawsuit "maintained by the Trustee." *Metrou*, 781 F.3d at 360. That means evidence related to Collins' failure to disclose that claim or potential claim against Menards in her bankruptcy filing is not relevant to any claim or defense in this case within the meaning of Rule 26(b).

Menards says *Metrou* is distinguishable because the debtor in that case acted in good faith when he initially did not disclose his tort claim in his bankruptcy filing, whereas the evidence in this case, according to Menards, indicates Collins may have acted in bad faith by not scheduling her claim or potential claim against Menards. Menards' Reply [43] at ¶¶ 7, 8. Even if *Metrou* is distinguishable from this case on that basis, however, it is a distinction without a difference. The Seventh Circuit explicitly addressed what should happen when a debtor potentially acts in bad faith by intentionally not disclosing a claim during prior bankruptcy proceedings. In such an instance, the question of "[w]hether [the debtor] tried to hide the claim

3

in bankruptcy is . . . more appropriately addressed to the bankruptcy judge." *Metrou*, 781 F.3d at 360. The bankruptcy judge "can decide . . . what disposition to make of any proceeds that remain after paying counsel and the creditors." *Id.* If the bankruptcy judge finds the debtor "was trying to deceive his creditors," then he or she "may decide to give the creditors a bonus or perhaps to return any excess to the defendants in this tort suit." *Id.*

In light of the Seventh Circuit's unambiguous guidance in *Metrou*, whether Collins acted in good faith or bad faith when she did not disclose her claim or potential claim against Menards in her bankruptcy petition is not relevant to this case. Rather, it is an issue that will, as necessary and appropriate, be decided in the context of Collins' bankruptcy case after this case is resolved.

The Court recognizes that its ruling on Menards' Motion to Compel does not dispose of Menards' affirmative defense of estoppel on the merits. Instead, the Court's decision is based solely on the asserted relevance of the Communications to this lawsuit. As already explained, the Communications are not relevant, under *Metrou*, to Menards' defense of this case, including to its estoppel defense. And Menards has not identified another claim or defense to which the Communications are ostensibly relevant. Therefore, for all of these reasons, Menards' subpoena to Geraci Law seeks information that is beyond the scope of discovery in this case and its Motion to Compel [39] is denied.[2]

It is so ordered.

_____
Jeffrey T. Gilbert
United States Magistrate Judge

Dated: February 14, 2017

---

[2] Because the Court concludes the Communications are not relevant within the meaning of Federal Rule of Civil Procedure 26(b), the Court need not address whether Collins waived the attorney-client privilege with respect to the Communications.