## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

**FRANCIS GECKER, solely as Chapter 7**
**Trustee for CYNTHIA COLLINS**

**Plaintiff,**

**v.**

**MENARD, INC. a/k/a MENARDS**

**Defendant.**

**No. 16 C 50153**

**Magistrate Judge Jeffrey T. Gilbert**

### MEMORANDUM OPINION AND ORDER

On October 22, 2019, a jury returned a verdict in favor of Plaintiff and against Defendant in this case. [ECF No. 191]. Following the jury verdict, Plaintiff filed her Bill of Costs [ECF No. 195] asking for $35,917.23 comprising primarily witness, transcript, and copy fees. Defendant objects to Plaintiff's Bill of Costs in its entirety, arguing that it wholly fails to comply with Federal Rule of Civil Procedure 54(d) and Local Rule 54.1 and should therefore be stricken. [ECF No. 197]. In the alternative, Defendant contends that only $6,367.26 of the costs submitted by Plaintiff is eligible for recovery and asks the Court to award only that amount. For the reasons discussed below, the Court assesses total costs in the amount of $11,714.53 in favor of Plaintiff and against Defendant.

### I.     Applicable Law

Federal Rule of Civil Procedure 54(d)(1) provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs – other than attorney's fees – should be allowed to the prevailing party." Although the Rule contains a presumption that the winning party is entitled to costs, the Court has some discretion to direct whether, and in what amount, costs may be

assigned to a losing party. *Rivera v. City of Chicago,* 469 F.3d 631, 634 (7th Cir. 2006); *see also, Majeske v. City of Chicago,* 218 F.3d 816, 824 (7th Cir. 2000). Courts consider two factors in assessing costs against the non-prevailing party: (1) whether the cost is recoverable; and (2) whether the amount assessed is reasonable. *Majeske,* 218 F.3d at 824 (7th Cir. 2000). Pursuant to 28 U.S.C. § 1920, recoverable costs include (1) fees of the clerk and marshal, (2) fees for transcripts, (3) witness fees and expenses, (4) fees for copies of papers necessarily obtained for use in the case, (5) docket fees, and (6) compensation for court-appointed experts and interpreters. *See Republic Tobacco Co. v. N. Atl. Trading Co., Inc.,* 481 F.3d 442, 447 (7th Cir. 2007). In order to recover costs, the prevailing party bears the burden to show that the requested costs were necessarily incurred and reasonable. *Trs. of the Chi. Plastering Inst. Pension Trust v. Cork Plastering Co.,* 570 F.3d 890, 906 (7th Cir.2009).

## II.     Fees of the Clerk and Marshal

Plaintiff requests $366.65 in fees paid to the Clerk of the Circuit Court of Cook County to file this lawsuit, as well as $79.46 in costs related to service of process on Defendant Menards by the Sangamon County Sheriff. Fees of the clerk and marshal are specifically authorized under 28 U.S.C. § 1920(1), and while the term "marshal" as used in Section 1920(1) does not specifically include private process servers or local law enforcement agencies, the prevailing party may recover those costs so long as they do not exceed fees charged by a marshal, *Collins v. Gorman,* 96 F.3d 1057, 1060 (7th Cir.1996), and are reasonable and necessary. *Soler v. Waite,* 989 F.2d 251, 255 (7th Cir.1993). The fee for personal service by the U.S. Marshal's Service is $65.00 per hour "plus travel costs and any other out-of-pocket expenses." 28 C.F.R. § 0.114(a)(3).

Defendant does not object to Plaintiff's recovery of these costs. As for the $366.65 in filing fees, the Court finds this cost is specifically authorized by Section 1920(1) and Plaintiff has

provided adequate supporting documentation. [ECF No. 195-1] at 1. The Court will therefore allow recovery of the full amount of $366.65 in clerk fees. Plaintiff also seeks to recover $37.45 in shipping costs to mail the complaint to the Sangamon County Sheriff, as well as $42 for subsequent service of process. Because the $42 service fee is less than the going rate for one hour of marshal service time, and the $37.45 in shipping costs is not only minimal, but also inextricably linked to the service of process in this particular instance, the Court finds both costs are also reasonable and necessary and thus awards Plaintiff $79.46. In total, Plaintiff may recover $446.11 for fees related to the clerk and marshal under Section 1920(1).

### III.    Fees for Transcripts, Court Reporters, and Videographers

Plaintiff seeks to recover $10,486.10[1] in fees related to depositions, transcripts, and court reporter appearances. [ECF No. 195-1] at 4-33. Defendant objects to the amount Plaintiff seeks to recover for certain transcript-related costs, arguing that some transcripts were billed at a rate that is impermissible under Local Rule 54.1. Defendant further objects to the following transcript-related costs in their entirety, arguing they were neither necessarily incurred nor reasonable: a transcription of a phone conversation with Dr. Albert, one of Plaintiff's consultants ($245); a video deposition of Plaintiff's expert, Dr. Domb ($2,062.50); deposition transcripts of Margarita Ramirez ($144.25), Karen Muellner ($225.35), and Debra Stern ($148.45); and a transcript of the closing statements ($208.05). [ECF No. 197] at 5-7.

Costs for court transcripts are recoverable under 28 U.S.C. § 1920(2) provided they are "necessarily obtained for use in the case." "[T]ranscripts need not be absolutely indispensable in order to provide the basis of an award of costs; it is enough if they are 'reasonably necessary.'"

---

[1] Plaintiff's total sum fails to account for a refund in the amount of $12.50 issued for the transcript of Dr. William Hopkinson's trial testimony. [ECF No. 195-1] at 4. By the Court's calculation, the amount Plaintiff seeks for transcript-related costs is, in actuality, $10,473.60.

*Shanklin Corp. v. Am. Packaging Mach., Inc.*, 2006 WL 2054382, at *2 (N.D. Ill. 2006) (quoting *Barber v. Ruth*, 7 F.3d 636, 645 (7th Cir.1993)). Additionally, under Local Rule 54.1(b), "the costs of the transcript…shall not exceed the regular copy rate as established by the Judicial Conference of the United States and in effect at the time the transcript or deposition was filed[.]" N.D. Ill. L.R. 54.1(b); *see also, Montanez v. Simon*, 755 F.3d 547, 558 (7th Cir. 2014) ("Local Rule 54.1(b) ... provides that the cost of any transcript may not exceed the rate set by the United States Judicial Conference unless a higher rate was previously established by court order."). The rates established by the Judicial Conference are, as of 2012 and through the present, $3.65 per page for an ordinary original transcript, $.90 per page for an ordinary copy transcript, and $6.05 per page for a daily transcript. Transcript Rates, https://www.ilnd.uscourts.gov/Pages.aspx?rsp2kxYIAI6Z3skP0P ESA+q3bXKkfRyo (last accessed March 2, 2020). The court reporter attendance fee also shall not exceed $110 for one half day, which is measured as four hours or less. *Id.* The Court has reviewed Plaintiff's supporting documentation and assesses costs related to transcripts and depositions as follows.

### A. Objections to the Rate at Which Certain Written Deposition Transcripts Were Charged Under Northern District of Illinois Local Rule 54.1

Plaintiff asks that the Court assess costs for the written deposition transcripts of Cynthia Collins, Cornelia Smiley, Dr. James Lovell, Dr. Diana Chicos, Dr. LaShonda Scott, Dr. Benjamin Domb, Kandice Mallasee, Dr. Harold Rees, Barbara King, Lamis Williams, James Williams, Reginald McAfee, and Cynthia Linzy. Defendant agrees these costs are recoverable but says the rate at which they were charged impermissibly exceeds the maximum rate established by the Judicial Conference and Local Rule 54.1. The Court addresses each deposition transcript in turn.

Plaintiff first seeks costs related to two copies of transcripts for depositions of Cynthia Collins in 2016 and 2017. [ECF No. 195-1] at 28, 32. Defendant agrees that these depositions were

necessary but argues that Plaintiff is entitled to recover no more than $0.90 per page, the Judicial Conference rate for a copy, rather than the higher, per page rate for an original, transcript. Plaintiff offers no response to Defendant's objections to the rate at which Cynthia Collins' copy transcripts were billed. Despite Plaintiff's failure to respond to Defendant's objections, the Court finds that Plaintiff is entitled to recover up to $3.65 per page for deposition transcripts under Local Rule 54.1, even for copies. *See Capeheart v. Hahs,* 2011 WL 1837817, at *1 (N.D. Ill. 2011); *see also, Fletcher v. Chicago Rail Link, LLC,* 2007 WL 4557816, at *1 (N.D. Ill. 2007) ("Some of the transcripts were 'copies' – that is, not the original or first copy of the deposition transcript – for which the Judicial Conference has established a separate, lower rate. However, Local Rule 54.1 allows for recovery of the full charge, so long as it does not exceed the highest maximum rate as established by the Judicial Conference."). Because the rates charged for Cynthia Collins' two deposition transcripts do not exceed the highest maximum rate established by the Judicial Conference of $3.65 per page – $2.44 per page in 2016 and $2.41 per page in 2017[2] – the costs are recoverable in full. Defendant shall pay $679.80 in deposition costs related to Cynthia Collins' deposition testimony.

Similarly, Plaintiff asks to recover costs associated with copies of other written deposition transcripts as follows:

| Witness Name | Total Cost | Page Cost | Citation of Invoice |
|---|---|---|---|
| Cornelia Smiley | $159.40 | $2.42 per page | [ECF No. 195-1] at 33 |
| Dr. James Lovell | $113.20 | $2.63 per page | [ECF No. 195-1] at 31 |
| Dr. Diana Chicos | $115.70 | $2.45 per page | [ECF No. 195-1] at 29 |
| Dr. LaShonda Scott | $254.40 | $2.54 per page | [ECF No. 195-1] at 30 |
| Dr. Benjamin Domb | $242.20 | $2.47 per page | [ECF No. 195-1] at 27 |

---

[2] Neither Plaintiff's invoices, nor accompanying court filings, specify the number of pages of each of Cynthia Collins' depositions – or any other depositions, for that matter. Defendant's well-organized response, however, does delineate the number of pages per deposition. Plaintiff does not contest this information in her reply. Therefore, in calculating the rate billed for each deposition transcript, the Court relies on the information provided by Defendant in Exhibit 1 to its response.

| | | | |
|---|---|---|---|
| Kandice Mallasee | $178.75 | $2.32 per page | [ECF No. 195-1] at 26 |
| Dr. Harold Rees | $230.00 | $2.71 per page | [ECF No. 195-1] at 18 |

Defendant objects only to the amount, not the recoverability or necessity, of these charges. According to Defendant, because all the above transcripts are copies, not originals, Plaintiff's recovery is limited to the $.90 per page copy rate established by the Judicial Conference. Defendant also objects to the recovery of any costs associated with deposition exhibits. Plaintiff again offers no response to Defendant's objections to the rate at which the copy transcripts were billed, nor does she provide any color as to why copies of exhibits were necessary. As explained above, Plaintiff may recover up to the highest maximum rate established by the Judicial Conference of $3.65 per page, even for copies. *Capeheart*, 2011 WL 1837817; *Fletcher*, 2007 WL 4557816. The additional cost of transcript exhibits is only "recoverable if the exhibits were reasonable and necessary, in that they aid in understanding an issue in the case." *Nilssen v. Osram Sylvania, Inc.*, 2007 WL 257711, at *3 (N.D. Ill. 2007). As Plaintiff has neither acknowledged nor explained the importance of the exhibit costs related to the depositions of Dr. Rees ($16.65) and Kandice Mallasee ($8.50), the Court sustains Defendant's objections to any exhibit-related costs. As for the per page costs of the transcripts themselves, because each transcript above was billed at a rate lower than the highest maximum rate of $3.65 per page, the Court finds the actual costs are reasonable and assesses them in the full amount of $1,293.65.

Plaintiff further seeks to recover costs related to original deposition transcripts for Barbara King, Lamis Williams, James Williams, Reginald McAfee, Cynthia Linzy, Dr. Fisher, and Dr. Hopkinson. Defendant objects to the rate at which these depositions were charged, arguing the rates exceed the cost permitted by the Judicial Conference of $3.65 per page. Defendant also argues that Plaintiff has not justified her request for additional costs related to deposition exhibits for Dr.

Fisher. Plaintiff does not defend the excessive rate at which these depositions were billed – Barbara

King ($3.80 per page), Lamis Williams ($4.96 per page), James Williams ($6.32 per page),

Reginald McAfee ($5.78 per page), Cynthia Linzy ($6.33 per page), Dr. Fisher ($4.15 per page),

and Dr. Hopkinson ($4.10 per page) – and again offers no response at all to Defendant's objections.

It is within the Court's discretion to reduce the per-page rate of a deposition transcript in order to

comply with Local Rule 54.1, especially where Plaintiff offers no explanation for the excessive

cost. *See, e.g., Montanez*, 755 F.3d at 558-59 (affirming the district court's reduction in transcript

costs "to bring them within the limits of Local Rule 54.1 by applying the proper per-page rate");

*Cengr v. Fusibond Piping Sys., Inc.*, 135 F.3d 445, 457 (7th Cir. 1998) (reducing the per-page cost

of a deposition transcript "to conform to the copy rates established by the Judicial Conference").

So, too, is it within the Court's purview to reduce the amount of the court reporter attendance fee

if it exceeds the recoverable rate of $110 for one half day, as established by the Judicial

Conference. For the same reasons stated above, the Court also declines to award costs related to

deposition exhibits for Dr. Fisher ($153) where Plaintiff again failed to explain why the exhibits

were reasonable and necessary. *Nilssen,* 2007 WL 257711, at *3. The Court therefore reduces the

cost of the original deposition transcripts as follows:

| Witness Name | Number of Pages | Recoverable Cost at a Rate of $3.65 per page | Citation of Invoice |
|---|---|---|---|
| Barbara King | 51 | $296.15, including a reduced court reporter attendance fee of $110 | [ECF No. 195-1] at 24 |
| Lamis Williams | 70 | $255.50 | [ECF No. 195-1] at 11 |
| James Williams | 34 | $124.10 | [ECF No. 195-1] at 12 |
| Reginald McAfee | 52 | $189.80 | [ECF No. 195-1] at 13 |
| Cynthia Linzy | 47 | $171.55 | [ECF No. 195-1] at 14 |
| Dr. Fisher | 247 | $901.55 | [ECF No. 195-1] at 22 |
| Dr. Hopkinson | 120 | $548, including a reduced court reporter attendance fee of $110 | [ECF No. 195-1] at 20 |

The costs recoverable for the seven transcripts listed above is $2,486.65. Therefore, Plaintiff may recover the total amount of $4,460.10 in costs related to the written deposition transcripts of Cynthia Collins, Cornelia Smiley, Dr. James Lovell, Dr. Diana Chicos, Dr. LaShonda Scott, Dr. Benjamin Domb, Kandice Mallasee, Dr. Harold Rees, Barbara King, Lamis Williams, James Williams, Reginald McAfee, and Cynthia Linzy, Dr. Fisher, and Dr. Hopkinson.

### B. Objections to the Necessity and Reasonableness of Certain Written Deposition Transcript Costs under Federal Rule of Civil Procedure 54

Plaintiff also asks the Court to award costs incurred for transcripts of two depositions of Debra Stern ($294.05), a deposition of Margarita Ramirez ($144.25), a deposition of Karen Muellner ($225.35), and a transcription of a phone call with Dr. Carolyne Albert ($360). Defendant objects to recovery of these costs in their entirety, arguing that none of these individuals were identified or called as witnesses at trial. [ECF No. 197] at 5-6. The deposition transcripts for these individuals, Defendant reasons, were therefore "not necessarily obtained for use in the case" and the associated costs are not recoverable under 28 U.S.C. § 1920. Plaintiff summarily replies that the depositions of Debra Stern, Margarita Ramirez, and Karen Muellner were "taken with purpose" and asserts, without any supporting information, that the depositions were "related to an issue that was present at the time the depositions were taken," making the costs recoverable. [ECF No. 198] at 3. Plaintiff again ignores Defendant's objection to the costs associated with her consultant, Dr. Albert, and does not address this issue in her reply beyond stating that "all other depositions listed on Plaintiff's Bill of Costs all were taken with purpose." [ECF No. 198] at 3.

As the party seeking an entry of costs, Plaintiff "carries the burden of showing that the requested costs were necessarily incurred and reasonable." *Trs. of Chi. Plastering Inst. Pension Trust,* 570 F.3d at 906. Plaintiff's declaration that the above depositions were taken "with purpose"

8

and were "related to an issue" falls woefully short of meeting that burden. The Court cannot simply take Plaintiff's word for it: there must be some explanation provided as to the purpose for which the above depositions were taken. Plaintiff provides no specifics or explanation. Nor does the record contain any independent support for Plaintiff's request for costs related to these depositions. Debra Stern, Margarita Ramirez, Karen Muellner, and Dr. Albert did not testify at trial and they are not otherwise known to the Court. Plaintiff has therefore wholly failed to explain the necessity and reasonableness of the above transcript costs and the Court "need not and will not make up for [Plaintiff's] failure to properly support [her] position." *Hacker v. United Airlines, Inc.,* 2019 WL 2287807, at *3 (N.D. Ill. 2019). The Court therefore sustains Defendant's objections with respect to the above transcripts and denies Plaintiff's request for the associated costs. *Harper v. City of Chi. Heights,* 223 F.3d 593, 605 (7th Cir. 2000) ("[W]hen a fee petition is vague or inadequately documented, a district court may…strike the problematic entries…").

### C. Transcript Costs for Closing Arguments

Plaintiff also asks that the Court assess $208.05 for the cost of a daily transcript of closing and rebuttal arguments. [ECF No 195-1] at 8. Defendant objects that this cost was neither necessary nor reasonable under Rule 54 because closing arguments and jury deliberations occurred on the same day, essentially rendering the daily transcript useless for purposes of trial. Plaintiff again is silent in response to Defendant's objection and offers no justification for the cost of the transcript of closing arguments at the daily transcript rate.

While the cost of daily trial transcripts is recoverable, "courts may not tax the costs of transcripts…provided merely for the convenience of the requesting attorney." *Barber*, 7 F.3d at 645; *see also, Lyles v. Gambino*, 2020 WL 550602, at *4 (N.D. Ill. 2020); *Lewis v. City of Chicago,* 2012 WL 6720411, at *7 (N.D. Ill. 2012). The proponent of a request for daily transcripts must

explain why the increased expense is necessary and reasonable particularly in a case that is not lengthy or complex. *See, e.g., Rawal v. United Air Lines, Inc.,* 2012 WL 581146, at *2 (N.D. Ill. 2012) (sustaining objections to the costs of daily transcript fees for a trial that lasted less than three days because trial was short, the issues were not complex, and daily trial transcripts were only a matter of convenience); *Serwatka v. City of Chicago*, 2011 WL 2038725, at *3 (N.D. Ill. 2011) (denying award of costs of daily transcripts where trial was short, straightforward, and relatively simple). In deciding whether to tax the cost of daily trial transcripts, courts often consider "whether a daily transcript was necessary to minimize disagreement over the testimony of witnesses," "whether proposed findings of fact were required," "whether the case involved expert witnesses whose cross-examination required knowledge of the exact wording of their previous testimony or that of any other witness," "the size of the claim," "and the importance of witness credibility." *Ernst v. Anderson,* 2006 WL 163024, at *2 (N.D. Ill. 2006) (citing *Independence Tube Corp. v. Copperweld Corp.,* 543 F. Supp. 706, 719 (N.D. Ill. 1982)).

Plaintiff's request for reimbursement of the cost of daily transcripts of the closing arguments in this case is particularly problematic since closing arguments took place back-to-back on the same day the case went to jury. Moreover, the court reporter's invoice for this expense is dated a full seven days after the verdict was rendered and specifies that "the transcript will be delivered to you via email" once payment is received. [ECF No. 195-1] at 8-9. Plaintiff's counsel therefore would not have received a transcript of the arguments until after the trial had concluded. So, under these circumstance, it appears the requested transcript was useless as a real-time aid to Plaintiff during the trial. As there also were no post-trial motions for which a transcript of closing arguments would have been necessary, the Court cannot conclude that the transcript was necessary or the cost reasonable. *See, e.g., Lyles*, 2020 WL 550602, at *5; *Perry v. U.S. Dep't of Energy*,

2008 WL 161679, at *3 (N.D. Ill. 2008). Plaintiff's request for the cost of the transcript of closing arguments therefore is denied.

### D. Videographer Costs for Dr. Domb's Video Deposition

Soon before the case was set to proceed to jury trial, Plaintiff filed an Emergency Motion to Continue Trial [ECF No. 143][3] because she learned one of her retained experts, Dr. Benjamin Domb, was going to be out of the country for two weeks and therefore unavailable on the date he was scheduled to testify at trial. The Court denied the Emergency Motion to Continue Trial. [ECF No. 148]. After some discussion, however, the parties and the Court agreed to accommodate Dr. Domb's schedule by calling him as a trial witness out of order on a Friday afternoon, on what would have been the first full day of trial, subject to strict time limits on direct and cross examination. [ECF No. 148].

This "solution," however, required the precision of a Swiss watch. But a trial does not run like a Swiss watch. What if it took longer than expected to select a jury? What if Dr. Domb was late? What if one or more jurors could not stay late on a Friday afternoon? The Court therefore raised the issue again at the pre-trial conference and suggested that Plaintiff arrange to have Dr. Domb's testimony videotaped before the trial began for use during the trial. Both parties agreed to this procedure, and Plaintiff arranged for a videographer to record Dr. Domb's deposition testimony to be played for the jury at a later time. Plaintiff now seeks $2,062.50 in videographer costs related to the deposition of what would later be Dr. Domb's trial testimony.

The Court declines to require Defendant to pay the costs related to Dr. Domb's video deposition. While the cost of video-recording a deposition is authorized by Section 1920, *Little v. Mitsubishi Motors N. Am., Inc.,* 514 F.3d 699, 702 (7th Cir. 2008), the Court, in its discretion,

---

[3] Not to be confused with Plaintiff's prior Emergency Motion to Continue Trial, [ECF No. 108], in 2018.

finds that these costs were not necessarily or reasonably incurred by Plaintiff. Before Plaintiff filed her Emergency Motion to Continue [ECF No. 143], the Court had, on numerous occasions, communicated directly with counsel for both parties regarding trial scheduling. During those conversations, the Court specifically confirmed the availability of each side's respective experts for the trial as scheduled. At the eleventh hour, though, it turned out Dr. Domb was not available because he would be in Europe. Because Plaintiff's counsel insisted that Dr. Domb was not just "a central and integral part of Plaintiff's case in chief," [ECF No. 143], but *the* central and integral component of her case, the Court ultimately agreed to, or even suggested, the pre-trial video deposition of Dr. Domb as a compromise so the jury would be able to consider Dr. Domb's testimony while preserving the Court's own interest in efficiently managing its docket and trying the case as scheduled after a prior continuance.

"Necessity is determined in light of the facts known at the time of the deposition." *Techs. Int'l, Inc. v. eSpeed, Inc.,* 750 F. Supp. 2d 962, 975 (N.D. Ill. 2010) (internal quotations and citations omitted). The known facts, as summarized above, make it clear that the additional cost of a videographer was incurred only because Plaintiff failed to make her expert available to testify at trial as previously confirmed and scheduled. Plaintiff chose to incur the cost of videotaping Dr. Domb rather than forego the opportunity to present her expert's "central and integral" opinion to the jury. Based on these facts, the Court cannot conclude that the cost of videotaping Dr. Domb's testimony was necessarily and reasonably incurred. If Dr. Domb had been available to testify live at trial as was previously confirmed, this expense would not have been necessary at all. In the Court's view, this is not a cost that is appropriately taxed against Defendant. Rather, it is a cost Plaintiff should bear. Defendant's objection to this cost is sustained.

### E. Uncontested Transcript Costs

Finally, Plaintiff asks for several transcript-related costs to which Defendant has no objection. The Court has reviewed the invoices of these costs and is satisfied that they are recoverable and necessarily incurred under Rule 54. Plaintiff is allowed to recover the following costs, without objection from Defendant: $520.40 in transcript costs for the deposition of Donnie Raulston, $323.70 for the deposition of Diane Aldrich,[4] $356.10 for the deposition of Joshua Erickson, $362.50 related to trial transcript of Dr. Hopkinson, and $202.75 for the transcript of opening statements.[5]

## IV.     Witness Fees

Witness fees and expenses are specifically recoverable under 28 U.S.C. § 1920(3). "Collectively, 28 U.S.C. §§ 1821 and 1920(3) authorize the award of costs to reimburse witnesses for their reasonable travel and lodging expenses." *Majeske*, 218 F.3d at 825-26. Witnesses who travel to testify at trial or sit for a deposition must be paid an "attendance fee" of $40 per day and be reimbursed for their travel and related expenses. *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 440 (1987); 28 U.S.C. §§ 1821(a)(1), (b), (c)(1)-(4), (d)(1).

---

[4] Plaintiff also submitted two invoices for $50.80 paid to both Diane Aldrich and Josh Erickson. [ECF No. 195-3] at 5. The invoices contain little to no information and state only that $50.80 was paid directly to each witness for a "subpoena to testify." [ECF No. 195-3] at 5. Because the invoices were not paid to a process server, the Court must assume they are not related to fees for service of process under Section 1920(1). The Court also cannot conclude that a fee labeled a "subpoena to testify" is the functional equivalent of a "witness fee" that would be authorized under Section 1920(3). In the absence of any support for a basis to recover these fees under Section 1920, the Court must therefore decline to award fees related to the "subpoena[s] to testify" for both Diane Aldrich and Josh Erickson.

[5] Defendant repeatedly objects to Plaintiff's purported attempt to recover $19.50 as part of the cost of the transcript of opening statements. [ECF No. 195-1] at 6-7. While Plaintiff included the refund check for $19.50 in her stack of invoices and supporting documentation, Plaintiff's Client Expense Log clarifies that Plaintiff properly subtracted this amount from the total costs sought. She is not seeking to recover an additional $19.50 to which she is not entitled, [ECF No. 195-5] at 2, nor has the Court included it in the recoverable amount for the transcript of opening statements.

**A. Expert Fees for Dr. Domb's Video Deposition**

Plaintiff first seeks reimbursement for $13,337 in expert fees and transportation costs she paid to secure Dr. Domb's video deposition testimony. Plaintiff paid Dr. Domb $13,000 to appear and give videotaped deposition testimony, [ECF No. 195-3] at 10-11, as well as an additional $337 for round-trip limousine transportation to the courthouse where his deposition took place. [ECF No. 195-3] at 12-13. Defendant objects to these costs in their entirety.

"[W]hen a prevailing party seeks reimbursement for fees paid to its own expert witnesses, a federal court is bound by the limits of § 1821, absent contract or explicit statutory authority to the contrary." *Crawford Fitting Co.,* 482 U.S. at 439. Dr. Domb's "attendance fee" is astronomically higher than the $40 per day cost allowed under 28 U.S.C. §§ 1821 and 1920(3). The Court has no discretion to award a higher amount. Nor does Plaintiff provide any factual or legal support for her request for an attendance fee of the magnitude she is requesting for Dr. Domb, aside from nonresponsive assertions that Dr. Domb's video deposition testimony was "necessary for use at trial" and it is must therefore be within the Court's "discretion" to tax such fees to the Defendant "under Rule 54." [ECF No. 198] at 3. Plaintiff certainly had the right to pay Dr. Domb whatever she wanted to pay him, but the Court must nevertheless reduce the recoverable amount of Dr. Domb's attendance fee from $13,000 to $40, consistent with 28 U.S.C. §§ 1821 and 1920(3).

As for Dr. Domb's travel expenses, transportation costs generally are recoverable under Section 1920(3). Indeed, transportation expenses are routinely awarded when they comply with the requirements of Section 1821. *Nilssen v. Osram Sylvania, Inc.,* 2007 WL 257711, at *3 (N.D. Ill. 2007); *Hillmann v. City of Chicago*, 2017 WL 3521098, at *10 (N.D. Ill. 2017); *Vardon Golf Co. v. Karsten Mfg. Corp.,* 2003 WL 1720066, at *9 (N.D. Ill. 2003). In this case, however, Dr. Domb's choice to travel to and from the courthouse in a limousine is clearly not what was

contemplated by "a common carrier at the most economical rate reasonably available." 28 U.S.C. § 1821(c)(1). Nor has Plaintiff provided any mileage estimate from which a travel allowance in a privately owned vehicle might be calculated under 28 U.S.C. § 1821(c)(2). While Dr. Domb may have been more comfortable traveling in a limousine, the Court will not allow his choice to utilize luxury transportation to be passed on to Defendant under Rule 54. Therefore, although transportation expenses generally are recoverable, the Court finds that the cost of a round-trip limousine was not reasonable in this particular instance. *Majeske,* 218 F.3d at 824. Defendant's objections to Plaintiff's request for $13,337 in expert fees and transportation costs related to Dr. Domb's in-court video deposition are sustained in their entirety, aside from the $40 per day cost allowed under 28 U.S.C. §§ 1821 and 1920(3).

### B. Expert Fees Paid Pursuant to Rule 26(b)(4)(E)

During the course of discovery and pursuant to Rule 26(b)(4)(E), Plaintiff paid fees in the amount of $500, $1,750, and $1,400 to three of Defendant's expert witnesses, Barbara King, Dr. Hopkinson, and Dr. Fisher,[6] respectively. [ECF No. 195-3] at 6-8. Defendant objects to Plaintiff recovering these fees, arguing that payments pursuant to Rule 26(b)(4)(E) are "separate and apart from the recovery available under Rule 54(d)" and Plaintiff should be barred from recovering them. [ECF No. 197] at 9. Defendant is incorrect. Expert witness fees paid pursuant Rule 26(b)(4)(E) are recoverable as costs under Rule 54(d). *Crawford Fitting Co.,* 482 U.S. 437; *Abernathy v. E. Illinois R.R. Co.,* 940 F.3d 982, 994 (7th Cir. 2019); *Se-Kure Controls, Inc. v. Vanguard Prod. Grp., Inc.,* 873 F. Supp. 2d 939, 951 (N.D. Ill. 2012) (collecting cases). So long

---

[6] Plaintiff's itemized witness fee computation for Dr. Fisher includes $923.19 in transportation costs for which the Court has been unable to locate an accompanying invoice. [ECF No. 195] at 2. The Court "need not and will not make up for [Plaintiff's] failure to properly support [her] position" or provide supporting documentation. *Hacker,* 2019 WL 2287807, at *3. As a result, the Court has not included the $923.19 figure in calculating the cost of Dr. Fisher's deposition. *Harper,* 223 F.3d at 605 ("[W]hen a fee petition is vague or inadequately documented, a district court may…strike the problematic entries…").

as the costs meet the familiar standard of reasonable and necessary, an award of costs paid pursuant to Rule 26(b)(4)(E) is permissible.

The Court presided over both discovery and trial in this case, and as a result, is intimately familiar with the importance of Barbara King, Dr. Hopkinson, and Dr. Fisher to Defendant's case. Plaintiff needed to depose these disclosed experts to litigate her case effectively and to be prepared for trial. In the Court's view, the witness fees for these depositions therefore were necessarily incurred for the purpose of this litigation. Although Barbara King and Dr. Fisher did not ultimately testify at trial, that was because of a strategic decision by Defendant, not because those witnesses were not of paramount importance to Defendant's case when they were deposed.

The witness fees sought also are reasonable given the qualifications of all three experts. In determining the reasonableness of an expert's fee under Rule 26, the court may consider: "(1) the witness' area of expertise; (2) the education and training required to provide the expert insight that is sought; (3) the prevailing rates for other comparably respected available experts; (4) the nature, quality, and complexity of the discovery responses provided; (5) the cost of living in the particular geographic area." *Fait*, 2002 WL 31433424, at *4 (citing *McClain v. Owens–Corning Fiberglas Corp.,* 1996 WL 650524, at *3 (N.D. Ill. 1996)). Although Plaintiff did not present the Court with any comparable rates for experts in these witnesses' respective fields, in the Court's experience, deposition fees of $500, $1,750, and $1,400 are not uncommon for physicians or medical experts. The Court issued lengthy written opinions on pretrial motions *in limine* concerning whether each of the above witnesses would be permitted to testify within their proposed areas of expertise, [ECF Nos. 152, 153], and as a result, the Court is well-acquainted with each individual's education, training, and experience, as well as with the complexity of their respective deposition testimony.[7]

---

[7] The Court also notes that Defendant did not challenge the amounts paid to its experts for their depositions as unreasonable.

Based on this information, the Court believes the expert fees for Barbara King, Dr. Hopkinson, and Dr. Fisher are recoverable, reasonable, and necessary. Defendant's objections are hereby overruled and Defendant is ordered to pay the above costs totaling $3,650.

### C. Consultant Fees for Dr. Albert

As discussed briefly in Section III, Plaintiff retained an expert consultant, Dr. Carolyne Albert, for purposes unknown to the Court. Nor is the Court independently familiar with Dr. Albert, as she was never disclosed as a potential witness and was not the source of any discovery dispute that required the Court's attention. As best as the Court can determine, Dr. Albert ultimately had no direct involvement in this litigation, either before, during, or after trial. Nevertheless, Plaintiff seeks reimbursement of $2,957.50 in "witness fees" under Rule 54. [ECF No. 195-3] at 1-4.

The Court declines to award Plaintiff the fees related to Dr. Albert. Although witness fees are recoverable under Section 1920, they must be necessarily incurred and reasonable. *Trs. of the Chi. Plastering Inst. Pension Trust,* 570 F.3d at 906. Actual testimony at trial is not required to make a showing that witness fees were necessary, *Spanish Action Comm. of Chicago v. City of Chicago*, 811 F.2d 1129, 1138 (7th Cir. 1987), but the prevailing party must make a showing, in good faith and with some specificity, why these costs were necessary to the litigation "in light of the facts known at the time." *Trading Techs. Int'l, Inc.,* 750 F. Supp. 2d at 975. Plaintiff has failed to meet her burden of proof in this respect, as she does not contend Dr. Albert was ever contemplated as a witness in any sort of court proceeding, whether a deposition or at trial, or that she provided any substantive contribution to this litigation whatsoever. Based on the current record, the Court cannot conclude, with any confidence, that these fees are recoverable, necessarily

17

incurred, or reasonable. Defendant's objection to Dr. Albert's $2,957.50 in witness fees therefore is sustained.

V.    **Cost of Copies**

Plaintiff further asks for reimbursement of $2,462.89 in copying fees. Defendant objects, arguing that many of Plaintiff's "copy fee invoices" contain processing and delivery fees, which are not necessary, reasonable, and taxable costs. Defendant further asserts that several invoices contain insufficient information to determine what was copied, or for what purpose. Plaintiff summarily replies that she "is entitled to the copies that they sent to Counsel of all medical records and bills" and declines to elaborate on the purpose of any of her copy invoices. [ECF No. 198] at 3. The Court assesses costs related to document and paper copies as described below.

The cost of making copies of documents "necessarily obtained for use in the case" is indeed taxable under 28 U.S.C. § 1920(4). Taxable papers include "copies attributable to discovery and the court's copies of pleadings, motions and memoranda." *Fait,* 2002 WL 31433424, at *5 (internal quotations and citations omitted). While the prevailing party is "not required to submit a bill of costs containing a description so detailed as to make it impossible economically to recover photocopying costs" in order to recover copying costs, at a minimum, they must identify the "nature of each document copied, the number of copies of each document prepared, the copying cost per page, and the total copying cost." *Northbrook Excess & Surplus Ins. Co. v. Procter & Gamble Co.,* 924 F.2d 633, 643 (7th Cir. 1991); *see also, Plyler v. Whirlpool Corp.,* 2012 WL 5845428, at *4 (N.D. Ill. 2012) (the party seeking copying costs must "provide the best breakdown obtainable from retained records and sufficient information to allow the court to make a determination that the costs sought are, in fact, authorized by 28 U.S.C. § 1920") (internal

quotations and citations omitted). "The court cannot award [the prevailing party's] copying costs without some confidence that the costs are properly recoverable." *Fait*, 2002 WL 31433424, at *5.

Defendant correctly notes that many, if not all, of Plaintiff's copy invoices contain postage or handling expenses beyond the cost of the copies themselves. "Costs for postage and mail services have consistently been 'disallowed on the grounds that these expenses are generally considered overhead, or part of the cost of operating a law firm.'" *Moriarty v. Glueckert Funeral Home, Ltd.,* 1999 WL 162792, at *2 (N.D. Ill. 1999) (quoting *Downes v. Volkswagen of Am.,* 41 F.3d 1132, 1144 (7th Cir.1994)). While there is some limited discretion in this regard, *Finchum v. Ford Motor Co.,* 57 F.3d 526, 534 (7th Cir. 1995), courts regularly exclude postage, delivery, and handling costs from requested costs under Rule 54. *Barn II, Inc. v. W. Bend Mut. Ins. Co.*, 2019 WL 4266520, at *9 (C.D. Ill. 2019); *Chicago Bd. Options Exch., Inc. v. Int'l Sec. Exch., LLC,* 2014 WL 125937, at *3 (N.D. Ill. 2014); *Specht v. Google, Inc.,* 2011 WL 2565666, at *2 (N.D. Ill. 2011) (shipping charges "are ordinary business expenses" and not allowable as costs); *Alexander v. CIT Tech. Fin. Services,* 222 F.Supp.2d 1087, 1092 (N.D. Ill. 2002) (costs of courier, postage, and delivery charges are typically considered overhead and not allowable as costs). Here, Plaintiff incurred substantial processing and handling fees as a result of her decision to outsource a large volume of her record requests to a third-party, U.S. Legal Support Inc., who routinely charges a processing fee of $30, along with a shipping or upload fee of at least $10, per individual record request. [ECF No. 195-2] at 17-30. Plaintiff even incurred these fees for record requests that did not actually result in production of any documents or copies. [ECF No. 195-2] at 22. In the Court's view, Plaintiff's decision to outsource her record collection and incur these additional processing costs was for convenience, not necessity, and is precisely the type of "cost of operating a law firm" described above as non-recoverable. *Moriarty,* 1999 WL 162792, at *2.

Similarly, Plaintiff's invoices are replete with "rush" charges for which Plaintiff has again provided no explanation or support. The added cost of expedited transcripts or documents is not recoverable unless the requesting party can show that "rushing" the documents was reasonable and necessary, rather than simply for the convenience of the requesting attorney. *Winery v. City of Chicago,* 2000 WL 1222152, at *2 (N.D. Ill. 2000); *Reed-Union Corp. v. Turtle Wax, Inc.,* 1995 WL 138986, *2 (N.D. Ill. 1995). Plaintiff once more provides no justification for why any of the rush charges she incurred were necessary to this litigation, and wholly fails to address Defendant's itemized objections on this point. The Court finds Plaintiff is not entitled to recovery of these rush costs as a result.

The Court has reviewed the invoices submitted and determined that the following $1,352.87 in copy costs are reasonable, necessary, and taxable. Where appropriate, the Court has excluded postage, delivery, and handling costs, as well as rush fees, from requested costs consistent with the authority cited above:

| Title of Invoice | Recovery Allowed | Citation of Invoice |
|---|---|---|
| Photos of Hip & Shoulder Diagram | $64 | [ECF No. 195-2] at 2 |
| Pre-Trial Exhibits | $180 | [ECF No. 195-2] at 3 |
| ATI Records | $68.22 | [ECF No. 195-2] at 4 |
| Brannick Clinic | $7 | [ECF No. 195-2] at 5 |
| Advocate Medical Group | $33.71 | [ECF No. 195-2] at 6 |
| ATI Records | $63.66 | [ECF No. 195-2] at 7 |
| Advocate Medical Group | $53.38 | [ECF No. 195-2] at 8 |
| Loyola Medical Center | $50 | [ECF No. 195-2] at 9 |
| Loyola Medical Center | $143.90 | [ECF No. 195-2] at 10 |
| Loyola Medical Center | $100 | [ECF No. 195-2] at 12 |
| Amita Health | $14 | [ECF No. 195-2] at 13 |
| Hinsdale Orthopedics | $111.50 | [ECF No. 195-2] at 14-15 |
| Munster Specialty Surgery Center | $42.50 | [ECF No. 195-2] at 16 |
| Loyola Medical Center | $25 | [ECF No. 195-2] at 17 |
| Temple ReadyCare | $4.50 | [ECF No. 195-2] at 18 |
| Debra Stern & Associates | $19.50 | [ECF No. 195-2] at 19 |
| XSport Fitness | $8.50 | [ECF No. 195-2] at 20 |

| Hinsdale Orthopaedics | $57.50 | [ECF No. 195-2] at 21 |
| Stobnicki & Avramov | $0 | [ECF No. 195-2] at 22 |
| Hinsdale Orthopaedics | $25 | [ECF No. 195-2] at 23 |
| Debra Stern & Associates | $7.50 | [ECF No. 195-2] at 24 |
| Stillpoint Mental Health Associates | $11 | [ECF No. 195-2] at 25 |
| Loyola Medical Center | $36.50 | [ECF No. 195-2] at 26 |
| Rush Oak Park | $100.50 | [ECF No. 195-2] at 27 |
| Rush Oak Park | $98 | [ECF No. 195-2] at 28 |
| MacNeal Hospital | $2.50 | [ECF No. 195-2] at 29 |
| Loyola Medical Center | $25 | [ECF No. 195-2] at 30 |

There are two additional invoices from which the Court cannot independently discern the purpose or necessity of the cost proposed. The invoice labeled Client Expense Form, [ECF No. 195-2] at 1, is devoid of information regarding the "nature of each document copied, the number of copies of each document prepared, the copying cost per page, and the total copying cost," making it impossible for the Court to determine whether the costs are reasonable or necessarily incurred. *Northbrook Excess,* 924 F.2d at 643. Similarly, the invoice for copies Loyola Medical Bills, [ECF No. 195-2] at 11, clearly states the order was "Cancelled." Because the invoice is not accompanied by a check or receipt of payment and Plaintiff has provided no clarity on the issue, the Court must assume no actual payment was made and therefore none can be recovered. The Court must have "some confidence" that the costs sought are properly recoverable, something which is sorely lacking regarding the above two invoices. *Fait,* 2002 WL 31433424, at *5. Defendant's objection to recovery of these copy costs therefore is sustained.

## VI.    Attorney Travel Expenses

Plaintiff also asks to recover $1,126.15 in attorney travel expenses for two depositions in Cleveland and Philadelphia. [ECF No. 195-3] at 14-19. Defendant objects. The Court sustains Defendant's objection, as Section 1920 does not permit recovery of costs related to an attorney's travel expenses. 28 U.S.C. § 1920. The Court's own research has not revealed any case law within this Circuit recognizing an exception to Section 1920 permitting taxation of attorney travel

expense. *See generally, SP Techs., LLC v. Garmin Int'l, Inc.,* 2014 WL 300987, at *9 (N.D. Ill. 2014) (citing *McClain,* 1996 WL 650524, at *5 (N.D. Ill. 1996)). Nor, unsurprisingly, has Plaintiff directed the Court to any legal authority in support of her request that such costs be reimbursed. The Court therefore sustains Defendant's objection to costs related to attorney travel expenses.

## VII.   Postage and Delivery Costs

During the course of the litigation, Plaintiff apparently incurred $290.78 in postage and delivery costs for which she now seeks reimbursement. [ECF No. 195-4] at 4-9. As discussed in detail above, "[c]osts for postage and mail services have consistently been 'disallowed on the grounds that these expenses are generally considered overhead, or part of the cost of operating a law firm.'" *Moriarty,* 1999 WL 162792, at *2 (quoting *Downes,* 41 F.3d at 1144); *see also, Barn II, Inc.,* 2019 WL 4266520, at *9; *Chicago Bd. Options Exch., Inc.,* 2014 WL 125937, at *3; *Specht v. Google, Inc.,* 2011 WL 2565666, at *2; *Alexander,* 222 F.Supp.2d at 1092. At the risk of becoming a broken record, the Court again notes that Plaintiff provided no explanation or support for the proposition that postage or messenger fees are recoverable under Rule 54. Nor do Plaintiff's invoices provide any information from which the Court might independently determine what documents were delivered or for what litigation-related purpose, if any, they were sent.

Because Plaintiff has not met her burden of demonstrating that these costs are recoverable, necessary, and reasonable under Rule 54, Defendant's objections to fees incurred for postage and delivery are sustained.

## VIII.   Investigative Fees

Plaintiff's Bill of Costs also contains $1,059.10 in "miscellaneous investigative" fees. Defendant again objects to recovery of these fees, arguing that they are not recoverable under Section 1920. In support of her request for investigative fees, Plaintiff directs the Court to *Vicencio*

*v. Lincoln-Way Builders, Inc.,* 204 Ill. 2d 295 (Ill. 2003). Plaintiff's reliance on *Vicencio,* a decision from the Illinois Supreme Court interpreting Illinois state law, is wholly misplaced. Federal rules govern procedure here in the Northern District of Illinois with respect to a post-trial bill of costs. Neither the custom and practice of state court, state court precedent, the Illinois Rules of Civil Procedure, nor the Illinois Supreme Court Rules control these proceedings. Whether investigative fees are recoverable under 735 ILCS 5/5-108, or any other state court rule, is therefore irrelevant. Investigative fees are not authorized by 28 U.S.C. § 1920 and are therefore not recoverable. Plaintiff's argument that her investigative costs are "irrevocably tied to the taxable filing fees provided for in the aforementioned statute" is further without legal support or merit.

As Plaintiff can find no support for her position in federal law, Defendant's objection to the $1,059.10 requested for "miscellaneous investigative" fees is sustained.

## IX. Conclusion

For the reasons discussed above, Plaintiff's Bill of Costs [ECF No. 195] is granted in part and denied in part. The Court assesses total costs in the amount of $11,714.53 in favor of Plaintiff and against Defendant.

It is so ordered.

Jeffrey T. Gilbert
United States Magistrate Judge

Dated: March 6, 2020